IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| WALTER H. HOLLOWAY,<br><br>           Plaintiff,<br><br>    vs.<br><br>ERASING HOW OFFICIAL IDENTITY TO QUALIFY FOR BOUNTY HUNTERS, WEALTHY NUISANCES KILLING ATTEMPTS OF 1819 CORBY ST. HOUSING, NBC TELECAST ALTERED SCRIPT OF SECURITY, COLOR BLIND HIRED HIT MAN, DORBO/DORIETTE WILSON, and SCHALTZ SCHULTZ,<br><br>           Defendants. | 8:20CV480<br><br>**MEMORANDUM<br>AND ORDER** |

      Plaintiff filed his pro se Complaint (Filing 1) on November 16, 2020, and has been granted leave to proceed in forma pauperis. The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

### I. APPLICABLE STANDARDS ON INITIAL REVIEW

      The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

      Pro se plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be

dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

## II. DISCUSSION

The court cannot identify any federal statutory or constitutional provision that would give rise to plausible claim for relief against any named defendant or provide subject matter jurisdiction under 28 U.S.C. § 1331. Nor can the court identify any state statutory or constitutional provision, or any common law theory of recovery, that would give rise to a plausible claim for relief if diversity jurisdiction might exist under 28 U.S.C. § 1332 with respect to any defendant.

The court has determined this action should be dismissed on initial review because Plaintiff's allegations are completely unintelligible and without a factual or legal basis.[1] *See Denton v. Hernandez*, 504 U.S. 25, 32-34 (1992) (court may dismiss complaint of plaintiff proceeding in forma pauperis as frivolous and may disregard clearly baseless, fanciful, fantastic, or delusional factual allegations); *Jones v.*

---

[1] In a Memorandum and Order entered in Case No. 8:20CV490 on December 17, 2020 (Filing 6), the court prospectively imposed filing restrictions on Plaintiff as a result of the large number of pro se, in forma pauperis cases he has filed recently that were dismissed as frivolous.

*Norris*, 310 F.3d 610, 612 (8th Cir. 2002) (dismissing complaint as frivolous and stating that "[a] complaint is frivolous when it lacks an arguable basis in either law or fact" (citing *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)). Plaintiff will not be granted leave to amend his Complaint because any such amendment would be futile. *See Silva v. Metro. Life Ins. Co.*, 762 F.3d 711, 719-20 (8th Cir. 2014) (district courts can deny motions to amend when such amendments would be futile, such as claims that are frivolous or could not withstand a 12(b)(6) motion to dismiss); *Reuter v. Jax Ltd., Inc.*, 711 F.3d 918, 922 (8th Cir. 2013) ("frivolous claims are futile").

### III. CONCLUSION

Plaintiff's Complaint is subject to preservice dismissal because it fails to state a claim upon which relief may be granted, and is frivolous.

IT IS THEREFORE ORDERED:

1. Plaintiff's Complaint (Filing 1) is dismissed without prejudice.

2. Judgment shall be entered by separate document.

Dated this 4th day of January, 2021.

BY THE COURT:

*Richard G. Kopf*
Richard G. Kopf
Senior United States District Judge